## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM KING, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:19-cv-01104 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| QUALITY MECHANICAL GROUP OF | ) | MAGISTRATE JUDGE EVANS |
| TENNESSEE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM</u>

Plaintiffs in this civil action are the Plumbers and Steamfitters Local Union No. 43 Health and Welfare Fund ("Health Fund"), the Plumbers and Steamfitters Local Union No. 43 Pension Fund ("Pension Fund") (collectively, "Health and Pension Funds"), and their Trustees. The Defendants are Quality Mechanical Group of Tennessee, Inc. ("Quality") and its owner and Chief Executive Officer, Charles Cox ("Cox") (collectively, "Defendants").

On January 16, 2026, Plaintiffs filed a Motion for Compliance Fine, or Alternatively, for Summary Judgment. (Doc. No. 58). Plaintiffs argue that Defendants should be held in contempt for violation of the Court's permanent injunction requiring the payment of contributions to the Health and Pension Funds and ordered to pay the unpaid contributions, interest, and attorneys' fees and costs of $626,389.57 to the Health Fund and $541,077.48 to the Pension Fund. Defendants did not respond to the motion.

On June 24, 2026, the Court ordered Defendants to show cause on or before July 15, 2026, why they should not be held in contempt for failure to comply with the January 28, 2020 permanent injunction. (*See* Doc. No. 10 (permanently enjoining Defendants to conform their conduct to the

terms of 29 U.S.C. § 1145 in the future and to pay contributions and submit payroll reports to Plaintiffs on a timely basis)). Defendants did not respond. Therefore, the Court will proceed to consider Plaintiffs' Motion for Compliance Fine, or Alternatively, for Summary Judgment (Doc. No. 58), and the asserted facts shall be deemed undisputed. *See* Local Rules 7.01(a)(3) and 56.01(g).

## I.     BACKGROUND

The Health and Pension Funds are so-called "Taft-Hartley Plans" authorized by the Labor Management Relations Act of 1947, 29 U.S.C. § 186 and they are operated in compliance with ERISA 29 U.S.C. § 1001, et seq. (Brasell Aff., Doc. No. 61). The Health Fund and Pension Fund receive contributions from employers in accordance with the terms and conditions of a policy concerning contributions, delinquency and audit guidelines. *Id*.; *see also*, 29 U.S.C. § 1145 (stating that employers shall make required contributions). ERISA also requires employers to maintain records sufficient to determine the contributions due to the Health and Pension Funds for the work of their employees and to submit records to an ERISA fund upon request. 29 U.S.C. § 1059(a).

In December 2019, the Health and Pension Funds, along with their Trustees, filed this civil action to recover employee contributions owed by Cox and Quality. (Doc. No. 1). Cox and Quality agreed they were liable for payment of the contributions, and in January 2020, the Court entered a permanent injunction requiring Defendants to "conform their conduct to the terms of 29 U.S.C. § 1145 in the future and … to pay contributions and submit payroll reports to Plaintiffs on a timely basis." (Doc. No. 10).

In August 2023, Plaintiffs filed a motion to reopen the case. (Doc. No. 14). Plaintiffs stated that Defendants had not submitted payroll reports and contributions since December 2022 and had

2

refused to allow an audit of their books and records to determine contributions due. (*Id*.). The Court reopened the case and ordered the parties to engage in discovery. (Doc. No. 15).

To say that discovery did not proceed smoothly is an understatement. (*See* Doc. Nos. 19, 21, 24, 28-33, and 37). At one point Defendants were found in contempt for "willfull[] fail[ure] to cooperate in discovery and to otherwise follow the Court's order to 'timely respond' to discovery." (Doc. No. 28). Finally, in October 2025, Plaintiffs advised that they had obtained documentation necessary to complete the audit, and the Court administratively closed the case, subject to reopening in the event Defendants did not comply with audit findings. (Doc. Nos. 53, 55).

The audit report determined that the total amount of contributions owed to the Funds for omitted contributions between 2018 and 2022 due to the Health Fund is $206,439.18, and due to the Pension Fund is $177,234.15. (Doc. No. 61-4). Defendants did not pay the amounts due. (Brassell Aff., Doc. No. 61).

In January 2026, Plaintiffs filed the instant motion for entry of a compliance fine, or alternatively, summary judgment of $626,389.57 for the Health Fund and $541,077.48 for the Pension Fund against Cox and Quality (Doc. No. 58). Defendants did not respond to the motion or to the Court's order to show cause why they should not be found in contempt.

## II.     ANALYSIS

"A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly violated a definite and specific order of the court." *NLRB v. Bannum, Inc*., 93 F.4th 973, 979 (6th Cir. 2024) (internal quotations and citations omitted). "This requires clear and convincing evidence that (1) there is 'a definite and specific order of the court requiring [the defendant] to perform or refrain from performing a particular act or acts,' (2) the defendant had 'knowledge of the court's order,' and (3) the defendant violated that

order." *Id.* (citing *NLRB v. Cincinnati Bronze*, 829 F.2d 585, 591 (6th Cir. 1987)). A fine for civil contempt may either "coerce a defendant into compliance with a court order or compensate the complainant for losses sustained." *Int'l Union, Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994).

Defendants did not contest the facts asserted by Plaintiffs or to show why they should not be held in contempt. The materials submitted with motion, namely the audit and supporting affidavit, demonstrate that Defendants failed to pay contributions owed to the Health Fund. Plaintiffs have provided clear and convincing evidence that: (1) the permanent injunction entered by the Court January 28, 2020 (Doc. No. 10), is a definite and specific order requiring Defendants to pay contributions and submit payroll reports to Plaintiffs on a timely basis and to conform their conduct to 29 U.S.C. § 1145; (2) that Defendants had notice of the permanent injunction; and (3) that Defendants failed to comply with the permanent injunction to pay contributions and submit payroll reports to Plaintiffs on a timely basis – specifically, Defendants owe contributions to the Health Fund in the amount of $206,439.18, and to the Pension Fund in the amount of $177,234.15.

Accordingly, Defendants are held in civil contempt of the Permanent Injunction Order (Doc. No. 10). The Court will impose a compensatory compliance fine in the amount recoverable under ERISA to compensate Plaintiffs for Defendants' non-compliance. Under ERISA, Plaintiffs are entitled to the contributions owed, the greater of double interest or single interest plus liquidated damages; and reasonable attorneys' fees. *See* 29 U.S.C. § 1132(g)(2)(B)-(D). Plaintiffs have demonstrated that Defendants failed to pay contributions to the Health Fund in the amount of $206,439.18, and to the Pension Fund in the amount of $177,234.15. Plaintiffs' calculations show interest on the unpaid contributions to the Health Fund totaling $187,179.13, and to the Pension Fund totaling $159,125.59. Plaintiffs have also provided documentation to support their

request for attorneys' fees and costs totaling $91,184.30. (*See* Declaration of R. Jan Jennings (Doc. No. 62), time log (Doc. No. 62-1), and audit invoice (Doc. No. 62-2)). In the Court's experience, the hourly rates charged and the time spend on the matter are reasonable. Therefore, the compliance fine shall also include attorneys' fees and costs in the amounts sought by Plaintiffs.

### III.    CONCLUSION

For the reasons stated, Plaintiffs' motion (Doc. No. 58) is **GRANTED**. Defendants are held in civil contempt for failure to comply with the Permanent Injunction Order (Doc. No. 10). The Court will impose a compensatory compliance fine of $626,389.57 payable to the Health Fund and $541,077.48 payable to the Pension Fund, to be paid by the Defendants.[1]

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]    The total compliance fine or judgment payable to the Health Fund is $626,389.57 ($206,439.18 + $187,179.13 + $187,179.13 + $45,592.15) and the total compliance fine or judgment payable to the Pension Fund is $541,077.48 ($177,234.15 + $159,125.59 + $159,125.59 + $45,592.15).

5